IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01648-CMA-KLM

HARRY JAMES,

      Plaintiff,

v.

HEUBERGER MOTORS, INC., a Colorado corporation,

      Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Oral Motion to Compel** responses to interrogatories and production of documents from Defendant.  Specifically, Plaintiff seeks responses to Interrogatories Nos. 2, 13, and 14 and Requests for Production Nos. 2, 3, 9, and 10.  *Motion to Compel Discovery* [Docket No. 10].  In general, Plaintiff seeks two types of evidence.   First, Plaintiff seeks to discover evidence of the financial condition of Defendant so that he may present it in support of his claim for punitive damages.  Second, Plaintiff seeks to discover evidence relating to disciplinary actions and termination from employment of Defendant's former employees Soraya Cason ("Cason") and Stephen Bachman ("Bachman").  Plaintiff alleges that Cason harassed him while he was at work because of his race.  On one occasion, Cason allegedly arrived at work intoxicated and called Plaintiff a "nigger" and told him to "go back to Africa."  *Motion to Compel Discovery* [#10] at 3.  Plaintiff asserts that Bachman was Defendant's human resources manager

during the time he (Plaintiff) was employed by Defendant.  The Court considers Plaintiff's

motion to compel separately with respect to each type of evidence.

### A.    Evidence of Defendant's Financial Condition

Plaintiff has propounded one interrogatory and two requests for production of

documents intended to discover evidence of Defendant's recent past and current financial

condition.  The interrogatory asks Defendant to "state your net income for 2007, 2008,

2009, and to the present date."  *Defendant's Responses to Plaintiff's Interrogatories*

[Docket No. 10-1] at 5, ¶2.  The requests for production of documents seek (1) "tax returns

for Defendant for 2007-2009, and 2010 when filed," and (2) "financial statements for

Defendant for 2007 to current date, including balance sheet and income statement."

*Defendant's Responses to Plaintiff's Requests for Production of Documents* [Docket No.

10-3] at 1-2, ¶2 and 3.

Defendant objects to the interrogatory and both document requests on the same

grounds:

> [They are] not relevant, [and are] overly broad, overly burdensome, and not
> reasonably calculated to lead to the discovery of admissible information.
> Discovery into the defendant's income is not likely to make the existence of
> facts supporting plaintiff's claims more or less probable. At this time, plaintiff
> has not demonstrated a compelling reason to discover defendant's financial
> status in that discovery remains in the infancy, with the recent exchange of
> discovery between the parties. Further objection is made to the fact that said
> request for production invades the privacy interest of defendant and could be
> injurious to defendant in its trade or business if disclosed.

*Id.*  Plaintiff responds that evidence of Defendant's financial condition is relevant to the

question of the appropriate amount of a punitive damages award should Defendant be

found liable.  Plaintiff relies on *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270

(1981), to support his position that evidence of a defendant's financial condition is generally

relevant to establishing the appropriate amount of punitive damages.

The parties do not dispute that punitive damages may be available in this case if Defendant is found liable. *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1116 (10th Cir. 2001) ("The availability of punitive damages under [42 U.S.C.] § 1981 is well established."). The parties also do not dispute that there is no statutory cap on the amount of punitive damages that may be awarded. *See id.* at 1117 ("Section 1981 does not have a statutory cap that limits punitive damages as does Title VII." (citing 42 U.S.C. § 1981a(b)(1))). Accordingly, the only issues for the Court's resolution are (1) whether information about the financial condition of a defendant in a 42 U.S.C. § 1981 action is relevant to the determination of punitive damages, and (2) if such information is relevant, whether it is discoverable only after the plaintiff has made a prima facie showing that he will be entitled to punitive damages if he is successful on the merits.

With regard to the first issue, the Court finds that information about a defendant's financial condition is relevant in a 42 U.S.C. § 1981 case. In *City of Newport*, the Supreme Court stated that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." 453 U.S. at 270 (citing Restatement (Second) of Torts § 908(2)). Courts have relied on this statement to find that evidence of a defendant's financial condition is relevant and admissible in cases outside of the torts context where punitive damages are available. *See, e.g., Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) ("Information of defendant's net worth or financial condition is relevant in this case because it can be considered in determining punitive damages."); *Britton v. Car Toys, Inc.*, No. 05-cv-726-WYD-PAC, 2007 WL 1395290, at *3 (D. Colo. May 9, 2007) (finding that information

related to the defendant's financial condition was relevant to proving punitive damages in a sex discrimination case); *Continental Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996) (A defendant's "wealth must remain relevant, because $50,000 may be awesome punishment for an impecunious individual defendant but wholly insufficient to influence the behavior of a prosperous corporation."); *Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir. 1984) (applying New Mexico law that "evidence of a party's financial condition . . . is admissible for the purpose of fixing the amount of punitive damages" (citing *Ruiz v. S. Pac. Transp. Co.*, 638 P.2d 406 (1981))).  In light of the weight of this authority, the Court finds that evidence of a defendant's financial condition is relevant in a 42 U.S.C. § 1981 action.

Turning to the second issue, the Court notes that the law is less settled about the appropriate time for discovery of a defendant's financial information.  "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without first requiring plaintiff to establish a prima facie case on the issue of punitive damages." *Mid Continent Cabinetry*, 130 F.R.D. at 151 (collecting cases).  "However, some federal courts have not allowed pretrial discovery of financial information when a punitive damages claim has been asserted." *Id.* (collecting cases); *see also EEOC v. Dillon Companies, Inc.*, No. 09-cv-02237-WLW-MEH, 2010 WL 3239262, at *5 (D. Colo. Aug. 13, 2010) ("At this stage of the litigation, the Court does not see how Defendant's net worth is relevant to any of Plaintiff's claims, including its request for punitive damages[.]").  Finally, some courts have permitted pretrial discovery of a defendant's financial information only when "the plaintiff shows [that his] claim of punitive damages is not spurious," *Britton*, 2007 WL 1395290, at *3, i.e., when the plaintiff

has made a prima facie showing that punitive damages are appropriate, *Mid Continent Cabinetry*, 130 F.R.D. at 151 (citing *Skinner v. Aetna Life Ins. Co.*, 38 Fed.R.Serv.2d 1194, 1195 (D.D.C. 1984)); *see also Chenoweth v. Schaaf*, 98 F.R.D. 587, 589-90 (W.D. Pa.) (discovery barred absent allegations in complaint of facts that demonstrate a "real possibility" that punitive damages will be at issue).

The Court finds that it is most appropriate to allow discovery of financial information upon a prima facie showing that a plaintiff will be entitled to punitive damages should he or she succeed on the merits of his or her claim.  Under 42 U.S.C. § 1981, punitive damages are available when the defendant's unlawful conduct was "malicious, wilful, and in gross disregard of plaintiff's rights."  *Hampton*, 247 F.3d at 1116; *cf. Jones v. Reno Hilton Resort Corp.*, 889 F. Supp. 408, 411 n.1 (D. Nev. 1995) (expressing doubt about a defendant's argument that "any recovery of punitive damages under § 1981 would be determined by reference to [state] law" and choosing instead the rule that "punitive damages can be awarded where the defendant acts with 'evil motive or intent' *or* with 'callous or reckless disregard for the federally protected rights of others'" (quoting *Smith v. Wade*, 461 U.S. 30, 54 (1983))).  When the defendant in a Section 1981 action is an employer, punitive damages "can be awarded against [the defendant] based on a respondeat superior theory." *Jones*, 889 F. Supp. at 410 (citing *Mitchell v. Keith*, 752 F.2d 385, 389-90 (9th Cir. 1985)).

After reviewing Plaintiff's Complaint [Docket No. 1], the Court finds that Plaintiff has alleged a prima facie case of unlawful conduct by Defendant's employees that was, at the very least, "in gross disregard of plaintiff's rights," if not wilful and malicious. *Hampton*, 247 F.3d at 1116.  Accordingly, Plaintiff may discover information related to Defendant's

financial condition.

With regard to Plaintiff's specific discovery requests,

IT IS HEREBY **ORDERED** that Defendant shall answer Plaintiff's interrogatory number 2, [#10-1] at 5, ¶2, and provide the documents requested in Plaintiff's request for production of documents number 3, [#10-3] at 1-2, ¶3, on or before **February 11, 2011**.

IT IS FURTHER **ORDERED** that Defendant is not required to produce its tax returns in response to Plaintiff's request for production of documents number 2, [#10-3] at 1, ¶2. When considering discovery requests for tax returns, the Court weighs "the need for privacy against the need for disclosure." *I'mnaedaft, Ltd. v. Intelligent Office Sys., LLC*, No. 08-cv-01804-LTB-KLM, 2009 WL 824304, at *2 (D. Colo. Mar. 30, 2009). "The burden lies with the party seeking discovery to demonstrate a compelling need" for the tax returns. *Id.* (internal quotation omitted). In this case, Plaintiff has not demonstrated a compelling need for the returns. There are clearly "other available sources from which [information about Defendant's financial condition] can be readily obtained." *Id.* The balance sheets and income statements that Defendant will produce pursuant to this Order should provide Plaintiff with sufficient evidence to present his position regarding an appropriate punitive damages award.

As set forth above,

IT IS FURTHER **ORDERED** that Plaintiff's Oral Motion to Compel is **GRANTED in part and DENIED in part**.

### B.    Evidence Relating to Discipline and Termination of Cason and Bachman

Plaintiff has propounded two interrogatories and two requests for production of

documents seeking evidence relating to discipline and termination of Cason and Bachman.

The two interrogatories ask as follows:

> 13.  State the reasons for the termination of Soraya Carson [sic].  As part of your answer, identify all documents which evidence the reasons for her termination.
>
> 14.  State the reasons for the termination of Stephen Bachman.  As part of your answer, identify all documents which evidence the reasons for his termination.

*Defendant's Responses to Plaintiff's Interrogatories* [Docket No. 10-2] at 3.   The two requests for production of documents seek "the personnel file of Soraya Carson [sic]" and "the personnel file of Stephen Bachman."   *Defendant's Responses to Plaintiff's Requests for Production of Documents* [#10-3] at 3, ¶9 and 10.  At the hearing held on January 27, Plaintiff's counsel clarified that he sought only records relating to discipline and termination from the personnel files.

Defendant objects to the interrogatories and requests for production because Cason and Bachman are not parties to the case and information about them is private, confidential, and privileged.   Further, with respect to Bachman, Defendant argues as follows: "Topics related to the departure of Stephen Bachman are protected by a Confidentiality Agreement between Mr. Bachman and [Defendant] to which Plaintiff is not a party.  Mr. Bachman has also not been identified as a 'comparator' employee or any other category of employee to which his termination status could have any potential evidentiary value."  *Defendant's Responses to Plaintiff's Interrogatories* [#10-2] at 3.

Plaintiff argues that information regarding Cason is relevant because he and Cason were involved in an incident at work that Defendant will rely upon, in part, to justify its decision to terminate Plaintiff's employment.   *Motion to Compel* [#10] at 3-4.  Plaintiff

asserts that he and Cason relate very different versions of the incident. *Id.* Plaintiff alleges that Cason was intoxicated during the incident. *Id.* He argues that his version of the incident will be more plausible if evidence exists that Cason was disciplined for intoxication during work hours or that her employment was terminated due to her intoxication while at work. *Id.*

Plaintiff argues that information about Bachman is relevant because Plaintiff complained of racial harassment to Bachman, and Bachman ignored his complaints. *Id.* at 4-5. Plaintiff anticipates that Defendant will argue that Bachman did not ignore his complaints. *Id.* Plaintiff suspects that Bachman's employment by Defendant may have been terminated because Bachman sexually harassed a receptionist who was also employed by Defendant. *Id.* Plaintiff argues that his allegation that Bachman ignored his complaints of racial harassment will be more plausible if evidence exists that Bachman sexually harassed a co-worker in violation of Defendant's written anti-harassment policies. *Id.* As a final matter, Plaintiff contends that Defendant's concerns about confidentiality can be allayed with a protective order.

The Court of Appeals for the Tenth Circuit has recognized that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Nevertheless, "relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (citations omitted).

With respect to the two interrogatories, the Court finds that the information sought

is discoverable.  Plaintiff has asserted a sufficient basis for finding that production of the information may lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b). Defendant has not shown why its confidentiality concerns cannot be addressed in a protective order.  Although Defendant asserts that a confidentiality agreement regarding the termination of Bachman's employment is in place, it neither explained the terms of the agreement nor provided the agreement for *in camera* review.  Accordingly,

IT IS HEREBY **ORDERED** that Defendant shall answer Plaintiff's interrogatories number 13 and 14,[#10-2] at 3, ¶13 and 14, on or before **February 11, 2011**.

With respect to the requests for Cason's and Bachman's personnel files, the Court finds that Cason's and Bachman's disciplinary and termination records are relevant, as they may lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b).  Again, Defendant has not shown why its confidentiality concerns cannot be addressed in a protective order.  Accordingly,

IT IS FURTHER **ORDERED** that Defendant shall provide any disciplinary or termination records relating to Cason and Bachman on or before **February 11, 2011**.

As set forth above,

IT IS FURTHER **ORDERED** that Plaintiff's Oral Motion to Compel is **GRANTED in part and DENIED in part**.

IT IS FURTHER **ORDERED** that, unless and until a comprehensive protective order is issued in this case, all documents and answers to interrogatories provided by Defendant pursuant to this Order shall be confidentially maintained by Plaintiff and used solely for the purpose of this litigation.

DATED: January 28, 2011 at Denver, Colorado.

BY THE COURT:

_s/ Kristen L.  Mix_____
Kristen L.  Mix
United States Magistrate Judge