IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01648-CMA-KLM

HARRY JAMES,

    Plaintiff,

v.

HEUBERGER MOTORS, INC., a Colorado corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 for Defendant's Failure to Comply with Court Order Compelling Discovery** [Docket No. 46; Filed March 17, 2011] (the "Motion").  Defendant filed a Response [Docket No. 49] in opposition to the Motion on April 7, 2011.  Plaintiff filed a Reply [Docket No. 62] on April 21, 2011.  The Motion is now fully briefed and ripe for resolution, and it was referred to this Court on June 20, 2011.

On January 28, 2011, the Court ordered Defendant to produce its financial statements, including balance sheets and income statements, for the period from 2007 to the present by February 11, 2011.  *Order* [Docket No. 20] at 6 ("It is hereby ordered that Defendant shall . . . provide the documents requested in Plaintiff's request for production of documents number 3, [Docket No. 10-3] at 1-2, ¶ 3, on or before February 11, 2011.").  Defendant produced its balance sheets, but it failed to produce income statements before

the February 11 deadline. Plaintiff now seeks sanctions for this failure because he believes, based on the deposition testimony of one of Defendant's representatives, that Defendant's former counsel advised Defendant to "hide" the income statements. *Motion* [#46] at 2. Specifically, Plaintiff requests that the Court "strike all of Defendant's defenses and have the jury decide only the issue of Defendant's compensatory and punitive damages." *Id.* at 3. Plaintiff does not request an award of costs and attorney's fees. *See id.* at 3-4.

Plaintiff does not dispute the following facts: (1) the income statements were actually produced by new defense counsel on March 9, 2011, less than one month after the Court-imposed deadline; (2) the discovery deadline was extended to allow him to inquire fully about the late-produced documents; and (3) he essentially suffered no prejudice from the late production. *See id.* at 2-4. Accordingly, Plaintiff seeks to punish Defendant in this litigation for what he asserts was inappropriate or perhaps unethical conduct by its former counsel despite the facts that the alleged conduct resulted in no detriment or disadvantage to Plaintiff and the attorney responsible no longer represents Defendant and has withdrawn from the case.

The Court finds that imposition of sanctions against Defendant in these circumstances is not only unnecessary, but wholly inappropriate. "Pursuant to Fed. R. Civ. P. 37, when a party fails to comply with a discovery order, the Court may impose sanctions against the offending party including dismissal or default judgment." *Escobar v. Jones*, No. 09-cv-02207-CMA-KLM, 2011 WL 1049791, at *2 (D. Colo. Feb. 28, 2011) (unreported decision) (citation omitted). "The Court's 'discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue

in the order to provide discovery.'" *Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992)). The requested sanction in this case, i.e., striking all of Defendant's defenses, is "an extreme sanction appropriate only in cases of willful misconduct" that should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920. Prior to dismissing a case – or striking a particular claim or defense – as a discovery sanction, the Court must consider the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d at 921. *Id.* However, when "the Court does not recommend dismissal, it is unnecessary to consider the *Ehrenhaus* factors." *Id.* (citing *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *2 (D. Colo. Mar. 6, 2008) (unreported decision)).

Here, the Court does not recommend striking Defendant's defenses because doing so would be unjust for several reasons. First, assuming *arguendo* that Defendant's former counsel instructed Defendant to "hide" documents, Defendant should not be punished for following its counsel's advice, however misguided. Second, Defendant obtained new counsel and properly produced the documents at issue. Third, Defendant's new counsel agreed to extend the discovery deadline so as to permit Plaintiff an opportunity to complete discovery regarding the documents. Fourth, Plaintiff took no further discovery regarding the documents, thereby tacitly acknowledging the lack of prejudice from their late production. *Response* [#49] at 3 (noting that Plaintiff "never sought to resume" the deposition of Defendant's representative in order to ask questions about the income statements).

Sanctions should rarely be used merely for the sake of punishment. *See, e.g.*, *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, No. 08-cv-02792-MSK-KMT, 2010

WL 3023822, at *4 (D. Colo. July 30, 2010) (unreported decision) (stating that "sanctions are not appropriate" when the party moving for them "has not established prejudice"). In this Court's view, they should even more rarely be used to punish alleged bad conduct by counsel which was immediately and effectively corrected in the context of the litigation. Plaintiff's concerns about inappropriate conduct of an attorney licensed to practice law in this jurisdiction are best addressed, if at all, through the Colorado Supreme Court's Office of Attorney Regulation Counsel. *See Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 3342598, at *10 (D. Colo. Nov. 9, 2007) (unreported decision) ("Under Colorado's attorney discipline system, the Office of Attorney Regulation Counsel (OARC) is charged with receiving, investigating and prosecuting, where appropriate, disciplinary complaints against Colorado lawyers." (citation omitted)).

IT IS HEREBY **ORDERED** that the Motion [#46] is **DENIED**.

DATED: June 28, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge