**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01648-CMA-KLM

HARRY JAMES,

      Plaintiff,

v.

HEUBERGER MOTORS, INC., a Colorado corporation,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO ALTER JUDGMENT**

---

      This matter is before the Court on the Motion to Alter Judgment of Plaintiff Harry James (Doc. # 98).  For the reasons discussed below, the Motion is granted in part and denied in part.

## I. BACKGROUND

      On November 4, 2011, the Court granted Defendant's Motion for Summary Judgment (Doc. # 45) and denied as moot Plaintiff's Motion for Partial Summary Judgment (Doc. # 42).  (Doc. # 94.)  Final Judgment was entered the same day.  (Doc. # 95.)

      In its order, the Court found that no disputed issues of material fact existed and Defendant Heuberger Motors, Inc. was entitled to judgment as a matter of law on both of Plaintiff's claims: retaliation under 42 U.S.C. § 1981 and "retail discrimination," also under 42 U.S.C. § 1981.  (*See* Doc. # 94.)  As discussed further, below, the Court addressed Plaintiff's retaliation claim according to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  (*Id.* at 9.)  The Court did not

further analyze the claim pursuant to the "mixed-motive" theory of *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (plurality opinion), *superseded in part by* 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1225 (10th Cir. 2008). (*Id.* at 7-9.)

In his Motion to Alter Judgment, Plaintiff argues that the Court should reconsider its analysis of the "retail discrimination" claim and of the retaliation claim under *McDonnell Douglas Corp.* (Doc. # 98 at 8-15.) He further argues that the Court failed to understand that, in addition to asserting retaliation pursuant to *McDonnell Douglas Corp.*, he "was attempting to make an argument" under the *Price Waterhouse* mixed-motive theory. (*Id.* at 5 n.2.)

## II. <u>STANDARD</u>

A litigant who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

# III.  ANALYSIS

## A.    "RETAIL DISCRIMINATION" AND RETALIATION UNDER *MCDONNELL DOUGLAS*

Plaintiff asserts that his motion is "pursuant to FRCP 59," but he fails to set forth the appropriate standard under which a court can alter or reconsider its judgment. Moreover, having reviewed the motion, the Court determines that Plaintiff has not stated grounds justifying reconsideration regarding his "retail discrimination" claim and his retaliation claim under *McDonnell Douglas*.  The Court specifically observes that Plaintiff's submission of "Exhibit 1" (*see* Doc. # 98, Ex. 1) is inappropriate in the context of this motion.  "Exhibit 1," which is cited at least 40 times in this motion, is an affidavit of Plaintiff Harry James, which appears to have been executed on December 2, 2011, well after the Court issued its Order granting Defendant's motion for summary judgment. Plaintiff could have, but did not, submit such an affidavit at the appropriate time – *i.e.*, before the Court decided the case.  Accordingly, the Court will not consider it or any arguments based on it.  *See, e.g.*, *Servants of the Paraclete*, 204 F.3d at 1012 ("It is not appropriate to . . . advance arguments that could have been raised in prior briefing.").

## B.    RETALIATION UNDER THE *PRICE WATERHOUSE* MIXED-MOTIVE THEORY

Plaintiff further argues, and the Court agrees, that the Court misunderstood Plaintiff's mixed-motive argument, which he raised in response to Defendant's summary judgment motion.  (*See* Doc. # 64 at 13-15.)

Although plaintiffs may seek to demonstrate retaliation indirectly under *McDonnell Douglas*, they

> may also choose, however, to show retaliatory animus directly, in which case the *McDonnell Douglas* framework is inapplicable.  This direct method is often referred to as the "mixed-motive" theory.  To succeed,

> plaintiffs must first directly show retaliation played a motivating part in the employment decision at issue.  Once plaintiffs meet that burden, the burden of persuasion shifts to the defendant to prove that it would have taken the same action absent the retaliatory motive.

*Brantley v. Unified Sch. Dist. No. 500*, 405 Fed. Appx. 327, 331 (10th Cir. 2010)

(unpublished) (quotation marks and citations omitted).  Proceeding under the mixed-

motive theory can be done with either direct or circumstantial evidence.[1]  *Fye*, 516 F.3d

at 1226.  Either way, the evidence must be such that "directly reflects the forbidden

animus."  *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1000 n.8 (10th Cir. 2011).

Examples of such evidence can be seen in cases including:

> *Medlock v. Ortho Biotech, Inc.,* 164 F.3d 545, 550 (10th Cir.1999) (holding that the plaintiff's evidence directly reflected the employer's retaliatory motive where the plaintiff offered a suspension letter and a termination letter in which the employer explicitly referenced the plaintiff's complaints about discriminatory pay as reasons for taking adverse actions against the employee); *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1512 (10th Cir. 1997) (holding that the plaintiff was entitled to a "mixed motives" jury instruction where the plaintiff presented evidence "that several people in the promotion decision process had stated that [the plaintiff] would not be considered for promotion because of his discrimination complaint"); and *Kenworthy v. Conoco, Inc.,* 979 F.2d 1462, 1471 & n.5 (10th Cir.1992) (holding that the plaintiff presented sufficient evidence to support a finding of retaliation under the direct/"mixed motives" theory where there was testimony that a supervisor, among other things, held the plaintiff's EEOC filing against her).

*Twigg*, 659 at 1003-04.

Unlike the cases just cited, in the instant case none of Plaintiff's evidence goes

directly to Defendant's unlawful animus.[2]  Each piece of evidence may, at most,

---

[1] The evidence Plaintiff proffers is all circumstantial, as the Court indicated in its Order.  (Doc. # 94 at 7-9.)

[2] Plaintiff relies on the same evidence he raised in response to Defendant's summary judgment motion: (1) Gunnar Heuberger's alleged statement that Plaintiff's discrimination complaint was "monkey shit"; (2) the Termination Notice; (3) Steve Backman's purported statement that Plaintiff should keep a "low profile"; and (4) an alleged change in the attendance policy at Heuberger Motors.  (*See* Doc. # 98 at 7.)

**indirectly** suggest retaliation by Defendant.  *See id.* at 1001-03.  Accordingly, Plaintiff's

evidence was insufficient to shift the burden to Defendant under the mixed-motive

theory.

## IV.  CONCLUSION

Based on the foregoing analysis, the Court ORDERS that Plaintiff's Motion to

Alter Judgment (Doc. # 98) is GRANTED IN PART to the extent that the Court has

added to the reasoning in its previous Order (Doc. # 94) and DENIED IN PART to the

extent that the Court has determined that Plaintiff is not entitled to relief.  Accordingly,

the Court's Order (Doc. # 94) is AMENDED as set forth in this Order.  It is FURTHER

ORDERED that Defendant's Motion to Vacate Hearing on Costs (Doc. # 99) is DENIED.

Should Defendant seek to continue the hearing on costs, it should call the Clerk's Office

and reschedule it.

DATED:  December   12  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge